### LANE et al. v. UNITED STATES.
### No. 4501, Div. No. 1.

United States District Court,
E. D. Missouri, E. D.

Nov. 30, 1948.

Blayney, Barrett, Cook & Fairfield, of St. Louis, Mo., for plaintiffs.

Drake Watson, U. S. Atty. and William V. O'Donnell, Asst. U. S. Atty., both of St. Louis, Mo., Theron Lamar Caudle, Asst. Atty. Gen. and Andrew D. Sharpe and Ruppert Bingham, Sp. Asst. to Atty. Gen., for defendant.

MOORE, Chief Judge.

The Court makes the following findings of fact:

#### Count One

1. Plaintiffs are the duly appointed and acting cotrustees under the will of Sarah L. G. Wilson, deceased. A true and correct copy of said will, together with all codicils thereto, is attached to these findings, marked "Exhibit 1", and expressly made a part of these findings. Sarah L. G. Wilson died on November 19, 1938, a resident of St. Louis County, Missouri.

2. The amount in controversy herein does not exceed Ten Thousand Dollars ($10,000.00).

3. As residuary legatees under the will of Sarah L. G. Wilson, deceased, plaintiffs during the calendar year 1939 held assets received by them from the executors of the estate of said deceased, together and as a whole; such assets were undivided and were held by plaintiffs for the benefit of the parties named in Section VIII of the will of said decedent in accordance with the provisions of said will and the codicils thereto.

4. On or about February 27, 1940, plaintiffs filed with the Collector of Internal Revenue at St. Louis, Missouri, for the calendar year 1939 a single fiduciary income tax return on Form 1041, reporting the income received and the expenses incurred in their administration of the assets in their hands, as set forth in Paragraph 3 hereof, and the amount of such income distributed to the beneficiaries and on March 2, 1940, paid a tax in the amount of Two Hundred Thirty-Nine Dollars and Four Cents ($239.04) on the undistributed amount of such income.

5. In December, 1942 and within three years after the filing of plaintiffs' said return, plaintiffs and the Commissioner of Internal Revenue agreed in writing under the provisions of Section 276(b), I.R.C., 26 U.S.C.A. § 276(b), to extend to June 30, 1944, being beyond the period prescribed in Section 275, I.R.C., 26 U.S.C.A. § 275, the time within which the Commissioner might make an assessment against plaintiffs of income taxes for the calendar year 1939.

6. An audit was made of plaintiffs' said return by the Bureau of Internal Revenue, and on June 13, 1944, the Commissioner of Internal Revenue sent to plaintiffs a ninety-day letter in accordance with the provisions of Section 272(a), I.R.C., 26 U.S.C.A. § 272(a), notifying plaintiffs of a deficiency tax of Four Hundred Four

Dollars and Forty-One Cents ($404.41), which was paid by plaintiffs to the Collector of Internal Revenue for the First District of Missouri on June 23, 1944, together with the sum of One Hundred Three Dollars and Fifty-nine Cents ($103.-59), representing interest at the rate of 6% per annum on said deficiency tax from March 15, 1940 to said date of payment. The assessment of said deficiency tax was due to the increase of plaintiffs' undistributed net income from the amount of Five Thousand One Hundred Eighty-Eight Dollars and Three Cents ($5,188.03) as shown on the return filed by plaintiffs to the amount of Nine Thousand Five Hundred Seventy-three Dollars and Ninety-four Cents ($9,573.94). In computing said deficiency tax the Commissioner of Internal Revenue determined that there was only one trust created by Section VIII of the last will and testament of Sarah L. G. Wilson, deceased.

7. On July 26, 1944, plaintiffs filed with the Collector of Internal Revenue for the First District of Missouri their claim for refund of Three Hundred Seventy-two Dollars and thirty cents ($372.30) of the aforesaid income taxes paid by them for the calendar year 1939.

8. In accordance with the provisions of Section 3772(a) (2) I.R.C., 26 U.S.C.A. § 3772(a) (2), the Commissioner of Internal Revenue notified plaintiffs by letter dated August 22, 1945, that said claim for refund had been disallowed in full.

9. At the time of the death of Sarah L. G. Wilson, the eight nephews and nieces named in Section VIII of her last will and testament were all living and were then of the following ages respectively:

| William G. B. Carson | 47 |
| Eleanor G. Conant | 51 |
| Mary Glasgow Chivvis | 51 |
| Ellen Glasgow Lane | 46 |
| Carr Lane Glasgow | 57 |
| F. Ewing Glasgow | 48 |
| Charles M. Glasgow | 53 |
| Sarah B. Jones | 65 |

The first four above named each had living issue at the date of Mrs. Wilson's death and at the present time; the last four named had no issue at such time and still have none.

10. During the year 1939 plaintiffs distributed identical amounts to each of the eight parties named in Section VIII of said last will and testament.

11. During the year 1939 plaintiffs were engaged in gathering assets received from the executors of Mrs. Wilson's estate.

12. There were eight separate trusts created and established by the residuary section · (Section VIII) of Mrs. Wilson's will, one such trust for each of the decedent's eight nephews and nieces named in Paragraph 9 of these findings.

Count Two

13. Plaintiffs are the duly appointed and acting cotrustees under the will of Sarah L. G. Wilson, deceased. A true and correct copy of said will, together with all codicils thereto, is attached to these findings, Marked "Exhibit 1", and expressly made a part of these findings. Sarah L. G. Wilson died on November 19, 1938 a resident of St. Louis County, Missouri.

14. The amount in controversy herein does not exceed Ten Thousand Dollars ($10,000.00).

15. As residuary legatees under the will of Sarah L. G. Wilson, deceased, plaintiffs, during the calendar year 1940, held assets received by them from the executors of the estate of said deceased, together and as a whole; such assets were undivided and were held by the plaintiffs for the benefit of the parties named in Section VIII of the will of said decedent, in accordance with the provisions of said will and the codicils thereto.

16. Out of the net income of the assets held by plaintiffs as set forth in Paragraph 15 hereof, plaintiffs paid during the calendar year 1940 to each of the parties named in Section VIII of the will of Sarah L. G. Wilson, deceased, except Charles M. Glasgow, the sum of Thirteen Thousand Seven Hundred Fifty Dollars ($13,750.00), and to Charles M. Glasgow the sum of Five Thousand Seven Hundred Eight Dollars and Seventy-eight Cents ($5,708.78).

17. On or about March 12, 1941 plaintiffs filed with the Collector of Internal Revenue at St. Louis, Missouri, the following separate returns reporting the income, expenses and payments in their administration of the properties mentioned in Paragraph 15 hereof:

(a) Seven separate fiduciary income-tax returns on Form 1041 for the calendar year 1940, in one of which plaintiffs designated themselves as cotrustees for William G. B. Carson, in one of which plaintiffs designated themselves as cotrustees for Eleanor G. Conant, in one of which plaintiffs designated themselves as cotrustees for Mary Glasgow Chivvis, in one of which plaintiffs designated themselves as cotrustees for Ellen Glasgow Lane, in one of which plaintiffs designated themselves as cotrustees for Carr Lane Glasgow, in one of which plaintiffs designated themselves as cotrustees for F. Ewing Glasgow, in one of which plaintiffs designated themselves as cotrustees for Sarah B. Jones, and in each of which plaintiffs reported what they deemed to be the respective beneficiary's proportionate part (one-eighth) of what they characterized in said returns as the income, deductions and credits in their administration of the property held for said respective beneficiary as set forth in Paragraph 15 hereof, and in which they reported the amount of such income distributed to said beneficiary as set forth in Paragraph 16 hereof, and the undistributed net income of said proportionate part taxable to plaintiffs, and on March 14, 1941 plaintiffs paid the tax reported to be due on each of said returns, amounting in each case to Forty-two Dollars and Forty-three Cents ($42.43).

(b) A fiduciary income-tax return on Form 1041 for the calendar year 1940, in which plaintiffs designated themselves as cotrustees for Charles M. Glasgow and in which plaintiffs reported what they deemed to be his proportionate part (one-eighth) of what they characterized in said return as the income, deductions, and credits in their administration of the property held for him as set forth in Paragraph 15 hereof, and in which they reported the amount of such income distributed to him as set forth in Paragraph 16 hereof, and the undistributed net income of said proportionate part taxable to them, and on March 14, 1941, plaintiffs paid the tax reported to be due on said return amounting to Seven Hundred Forty Dollars and Ninety Cents ($740.90).

18. In January, 1944 and within three years after the filing of plaintiffs' said returns, plaintiffs and the Commissioner of Internal Revenue agreed in writing under the provisions of Section 276(b), I.R.C., to extend to June 30, 1945, being beyond the period prescribed in Section 275, I.R.C., the time within which the Commissioner might make an assessment against plaintiffs of income taxes for the calendar year 1940.

19. An audit was made of plaintiffs' said returns by the Bureau of Internal Revenue. On June 13, 1944 the Commissioner of Internal Revenue sent to plaintiffs a ninety-day letter in accordance with the provisions of Section 272(a), I.R.C., notifying plaintiffs of a deficiency tax of Two Thousand Six Hundred Seventy Dollars and Sixteen Cents ($2,670.16) for the calendar year 1940, which was paid by plaintiffs to the Collector of Internal Revenue for the First District of Missouri on June 23, 1944, together with Five Hundred Twenty-Three Dollars and Seventy-five Cents ($523.75) interest. The assessment of said deficiency tax was due (1) to the increase by the Commissioner of Internal Revenue of the aggregate undistributed net income received by plaintiffs from Nineteen Thousand Eight Hundred Forty-four Dollars and Forty-two Cents ($19,844.42) to Twenty-Two Thousand Five Hundred Sixty-Five Dollars and Ninety-four Cents ($22,565.94) and (2) to the determination by the Commissioner of Internal Revenue that only one trust was created by Section VIII of said last will and testament.

20. On July 26, 1944 plaintiffs filed with the Collector of Internal Revenue for the First District of Missouri their claim for refund of Three Thousand Nine Dollars and Sixty-three Cents ($3,009.63) of the aforesaid income taxes paid by them for the calendar year 1940.

21. In accordance with the provisions of Section 3772(a) (2), I.R.C., the Commissioner of Internal Revenue notified plain-

tiffs by letter dated August 22, 1945 that said claim for refund had been disallowed in full.

22. At the time of the death of Sarah L. G. Wilson, the eight nephews and nieces named in Section VIII of her last will and testament were all living and were then of the following ages respectively:

| | |
|---|---|
| William G. B. Carson | 47 |
| Eleanor G. Conant | 51 |
| Mary Glasgow Chivvis | 51 |
| Ellen Glasgow Lane | 46 |
| Carr Lane Glasgow | 57 |
| F. Ewing Glasgow | 48 |
| Charles M. Glasgow | 53 |
| Sarah B. Jones | 65 |

The first four above named each had living issue at the date of Mrs. Wilson's death, and at the present time; the last four named had no issue at such time and still have none.

23. There were eight separate trusts created and established by the residuary section (Section VIII) of Mrs. Wilson's will, one such trust for each of the decedent's eight nephews and nieces named in Paragraph 22 of these findings.

### Conclusions of Law

From the foregoing findings of fact, the Court makes its conclusions of law as follows:

1. The Court has jurisdiction of the parties and of the subject matter.

2. The residuary clause of Sarah L. G. Wilson's will created eight separate trusts in favor respectively of her eight nephews and nieces named in said residuary clause.

3. The will of Mrs. Wilson clearly indicates her intent to provide distinct and several interests in the respective beneficiaries of the residuary trusts, and not joint interests.

4. It was Mrs. Wilson's intent, as shown by her will, to preserve the controlling blocks of stock in Industrial Lumber Company and Calcasieu Sulphate Paper Company, and this was the reason that the trustees were authorized and directed to manage the corpus of the various trust estates as a unit.

5. The provision of the residuary clause of the will with regard to amount, date of termination and final disposition of the interests of the eight nephews and nieces are not uniform.

6. The use of the word "trusts" in Paragraph B of Section VIII and in various other portions of the will indicates Mrs. Wilson's intention to create multiple trusts.

7. The assessment of income taxes by the Commissioner of Internal Revenue against plaintiffs for the years 1939 and 1940 on the basis that only one trust was created by the residuary clause of Mrs. Wilson's will was improper, illegal and erroneous.

8. Plaintiffs are entitled to judgment against defendant on both counts of the petition, together with interest at the rate of 6% per annum as prayed.